```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA
```

| | | |
|---|---|---|
| TRUSTEES OF THE NORTHERN NEVADA LABORERS HEALTH & WELFARE TRUST FUND, et al., | ) ) ) | 3:09-cv-00720-ECR-VPC |
| | ) | MINUTES OF THE COURT |
| Plaintiffs, | ) ) | DATE: September 2, 2011 |
| vs. | ) ) ) | |
| PETERSEN CONSTRUCTION, INC., a Nevada corporation; ERIC PETERSEN; KAREN PETERSEN; EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation; DEVELOPERS SURETY & INDEMNITY COMPANY, an Iowa corporation; and DOES 2-10, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

PRESENT:     EDWARD C. REED, JR.                              U. S. DISTRICT JUDGE

Deputy Clerk:   COLLEEN LARSEN          Reporter:    NONE APPEARING

Counsel for Plaintiff(s)                  NONE APPEARING

Counsel for Defendant(s)                  NONE APPEARING

MINUTE ORDER IN CHAMBERS

    On November 8, 2010, Defendant Employers Mutual Casualty Company ("EMCC") filed a Motion for Partial Summary Judgment (#56). On March 29, 2011, Plaintiffs' claims against EMCC were dismissed with prejudice by stipulation and order (#77). Therefore, EMCC's Motion for Partial Summary Judgment (#56) will be denied as moot.

    On November 8, 2010, Plaintiffs filed a Motion for Summary Judgment (#57) against all Defendants. On November 19, 2010, EMCC filed its opposition (#59) to Plaintiffs' Motion (#57). EMCC's opposition (#59) was filed specifically for EMCC, and only addressed Plaintiffs' Motion (#57) as it applies to EMCC. The other Defendants have failed to file any opposition to Plaintiffs' Motion (#57). As noted above, EMCC has been dismissed from the case.

On January 21, 2011, Defendants Eric Petersen and Karen Petersen filed a Notice of Bankruptcy (#72), and we issued an Order (#73) noting that the action is stayed with respect to Eric and Karen Petersen.

On February 23, 2011, Plaintiffs' claims against Defendant Developers Surety & Indemnity Company were dismissed with prejudice by stipulation and order (#75).

Petersen Construction, Inc. is the only remaining Defendant to Plaintiffs' Motion for Summary Judgment (#57), as all other Defendants have either been dismissed, or the action is stayed by bankruptcy. Petersen Construction, Inc. has failed to respond to Plaintiffs' Motion (#57). As Plaintiffs note in their Reply (#65), Local Rule 7-2(d) provides that "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

Because Plaintiffs' Motion (#57) is a motion for summary judgment, however, we considered the merits of the motion with respect to Petersen Construction, Inc. based on the evidence Plaintiffs have presented, without benefit of opposition by Petersen Construction, Inc.

Plaintiffs have presented sufficient evidence to convince the Court that Petersen Construction, Inc. executed a collective bargaining agreement that required Petersen Construction, Inc. to report and make fringe benefit payments to Plaintiffs for every hour worked by individuals performing work as laborers in the construction industry, among other terms. ERISA § 515 requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement." Plaintiffs have shown that Petersen Construction, Inc. was delinquent in its required payments. ERISA § 502(g)(2) provides that in an action under ERISA § 515, 29 U.S.C. 1145, to collect delinquent fringe benefit contributions, the Court <u>shall</u> award the plan (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate.

Plaintiffs request $640,294.56[1], audit fees, reasonable collection costs, attorneys' fees, and interest and double interest accruing after October 31, 2010. The amount of $624,238.40 is calculated by the unpaid fringe benefit contributions of $279,686.94, interest at the plan rate through October 31, 2010 of $302,441.20, payroll audit costs in the amount of $50,000.00, and collection costs and attorneys' fees in the amount of $8,166.42 through October 31, 2010.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment (#57) is **GRANTED IN PART AND DENIED IN PART**: **GRANTED** with respect to Defendant Petersen Construction, Inc. and **DENIED AS MOOT** with respect to Defendants Employers Mutual Casualty Company and Developers Surety & Indemnity Company. The Motion (#57) remains stayed against Defendants Karen and Eric Petersen for reason of bankruptcy.

**IT IS FURTHER ORDERED** that Plaintiffs shall submit a proposed order containing a calculation of damages in accordance with this Order within twenty-eight (28) days of the date of entry of this Order.

**IT IS FURTHER ORDERED** that Defendant Employers Mutual Casualty Company's Motion for Partial Summary Judgment (#56) is **DENIED** as moot.

LANCE S. WILSON, CLERK

By _____/s/_____
    Deputy Clerk

---

[1] We note that Plaintiffs originally requested $640,294.56 plus audit fees and reasonable collection costs and attorneys' fees accruing after October 31, 2010 and interest and double interest accruing after October 31, 2010. In their reply brief (#69), however, Plaintiffs requested $624,238.40 plus the fees accruing after October 31, 2010. We are unsure of why there exists a discrepancy between the two numbers, but presume that the initial figure contained in their Motion (#57), along with the breakdown of that figure, is likely the accurate one. However, we will require Plaintiffs to submit a new calculation of the requested damages in accordance with this Order.